COOKS, J.,
concurring.
I agree with the majority that plaintiffs’ argument asserting his work as a carpenter had no connection to IPCO’s business is without merit. The scaffolding constructed by Mr. Whotte was required to access the boiler to perform the necessary cleaning process.
However, I find it of particular relevance that IPCO’s contract releases IPCO pursuant to its indemnity provision from responsibility for the payment of “compensation claims” filed by Turner’s employees. Specifically, Article 9 of IPCO’s contract contains a broad indemnity provision, which reads as follows:
The CONTRACTOR assumes the defense and the entire responsibility and liability for any and all damage or injury of any kind or nature whatsoever (including resulting death) to all persons, whether employed by the CONTRACTOR or otherwise ... If any person makes a claim for any such damage or injury (including death resulting therefrom) as hereinabove described, the CONTRACTOR agrees to indemnify and save harmless the COMPANY, its agents, servants and employees from any and all loss, damage, injury or expense including reasonable attorney fees that the COMPANY may sustain as a result of any such claims, and the CONTRACTOR agrees to assume on behalf of the COMPANY, the defense of any action at law or in equity which may be brought against the COMPANY upon such claim and to pay on behalf of the COMPANY upon its demand, the amount of any judgment that may be entered against the COMPANY in any such action. In any suit or claim by COMPANY, CONTRACTOR hereby expressly waives any immunity from suit by COMPANY which might otherwise be conferred by the workers compensation laws of any jurisdiction in which may preclude enforcement of the indemnification clause of the agreement by 1 .COMPANY, and COÑTRACTOR further agrees to pay any reasonable attorney’s fees incurred by the COMPANY *159 in securing compliance with the provisions of this indemnification agreement
This article of the contract effectively puts all responsibility on Turner. I do not find the policy behind La.R.S. 23:1061 allows the principal to force the subcontractor to indemnify the principal for its own negligence. Statutory employer status should not be given where the entire burden of responsibility is placed on the subcontractor, contrary to the statute which places liability on the principal who seeks the benefit of the Act. The claimant argues to be a statutory employer the principal must accept responsibility, but in this case that responsibility is specifically contracted out and the responsibility placed solely on the subcontractor, even for the clear negligence of IPCO, the principal. Section B of La.R.S. 23:1061 states that you can only seek indemnity from a responsible party, but IPCO’s contract allows it to seek indemnity from the subcontractor who is not responsible for the accident. However, whether the principal can force the subcontractor to indemnify it for its own negligence is a question which can only be raised by the subcontractor — only the principal and subcontractor are parties to the contract and the “terms” in it that may be contrary to the Act do not defeat the claimant’s right to assert his claim directly against the principal. For this reason, I will concur in the result reached by the majority.